UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCKESSON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NEW IBERIA RX INC, et al.,<br><br>Defendants. | Case No. 16-cv-00105-DMR<br><br>**ORDER TO SUBMIT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 16 |

On May 2, 2016, Plaintiff McKesson Corporation filed a motion for default judgment. [Docket No. 16.] Plaintiff's motion does not comply with Civil Local Rule 7 and Plaintiff did not notice its motion for hearing in accordance with Civil Local Rule 7-2.

Having reviewed that motion, this court determines that Plaintiff did not brief its entitlement to the entry of default judgment pursuant to the factors enumerated in the Ninth Circuit's decision in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The submission shall be structured as outlined in Attachment A below and include all relevant legal authority and analysis necessary to establish the case. Plaintiff's supplemental submission may cite to the declarations provided in support of its motion for default judgment with specific citations, but cannot incorporate the previously submitted documents by reference.

Plaintiff did not brief the issue of this court's personal jurisdiction over Defendant, nor did it address the adequacy of service on Defendants or the court's subject matter jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (before assessing merits of motion for default judgment, court must confirm that it has subject matter jurisdiction over case and personal jurisdiction over parties, as well as ensure adequacy of service on defendant).

Plaintiff shall submit additional briefing **by May 23, 2016** to address the above deficiencies in the motion for default judgment. Any opposition or statement of non-opposition is

due **no later than May 31, 2016.**

You are hereby notified that the hearing on the motion is set for **June 30, 2016 at 11:00 a.m. at** the U.S. District Court, 1301 Clay Street, Oakland, California 94612. For courtroom number and floor information, please check the Court's on-line calendar at http://www.cand.uscourts.gov (click "Calendars - Judges' Weekly Calendars" link, then select Judge Ryu's calendar).

**Immediately upon receipt of this Order, Plaintiff shall serve notice upon all other parties in this action and file a proof of service with the court.**

**IT IS SO ORDERED.**

Dated: May 12, 2016

Donna M. Ryu
United States Magistrate Judge

# ATTACHMENT A

\* \* \*

## INTRODUCTION

*(Relief sought and disposition.)*

## BACKGROUND

*(The pertinent factual and procedural background, including citations to the Complaint and record. Plaintiff(s) should be mindful that only facts in the Complaint are taken as true for purposes of default judgment; therefore, Plaintiff(s) should cite to the Complaint whenever possible.)*

## DISCUSSION

**A.  Jurisdiction and Service of Process**

*(Include the following standard)*

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

1. <u>Subject Matter Jurisdiction</u>

*(Establish the basis for the Court's subject matter jurisdiction, including citations to relevant case law and United States Code provisions.)*

2. <u>Personal Jurisdiction</u>

*(Establish the basis for the Court's personal jurisdiction, including citations to relevant legal authority, specific to each defendant. If seeking default judgment against any out-of-state defendants, this shall include a minimum contacts analysis under <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 802 (9th Cir. 2004)).*

3. <u>Service of Process</u>

*(Establish the adequacy of the service of process on the party against whom default is requested, including relevant provisions of Federal Rule of Civil Procedure 4.)*

**B.     Legal Standard**

*(Include the following standard)*

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for the court to consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Where a default judgment is granted, the scope of relief is limited by Federal Rule of Civil Procedure 54(c), which states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Upon entry of default, all factual allegations within the complaint are accepted as true, except those allegations relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

**C.     Application to the Case at Bar**

*(A detailed analysis of each individual Eitel factor, separated by numbered headings. Factors 2 (merits of substantive claims) and 3 (sufficiency of complaint) may be listed and analyzed under one heading. Plaintiff(s) shall include citations to cases that are factually similar, preferably within the Ninth Circuit.)*

**D.     Relief Sought**

*(An analysis of any relief sought, including a calculation of damages, attorneys' fees, etc., with citations to relevant legal authority.)*

1.     <u>Damages</u>

*(As damages alleged in the complaint are not accepted as true, the proposed findings must provide (a) legal authority establishing entitlement to such damages, and (b) citations to evidence supporting the requested damages.)*

2. <u>Attorney's Fees</u>

*(If attorney's fees and costs are sought, the proposed findings shall include the following: (1) Evidence supporting the request for hours worked, including a detailed breakdown and identification of the subject matter of each person's time expenditures, accompanied by actual billing records and/or time sheets; (2) Documentation justifying the requested billing rates, such as a curriculum vitae or resume; (3) Evidence that the requested rates are in line with those prevailing in the community, including rate determinations in other cases of similarly complex litigation, particularly those setting a rate for the plaintiff's attorney; and (4) Evidence that the requested hours are reasonable, including citations to other cases of similarly complex litigation (preferably from this District).*

3. <u>Costs</u>

*(Any request for costs must include citations to evidence supporting the requested costs and relevant legal authority establishing entitlement to such costs.)*

**CONCLUSION**

*(Disposition, including any specific award amount(s) and judgment.)*

\* \* \*