UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCKESSON CORPORATION,<br>   Plaintiff,<br>   v.<br>NEW IBERIA RX INC, et al.,<br>   Defendants. | Case No. 16-cv-00105-DMR<br><br>**ORDER TO SUBMIT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 16, 21 |

On May 2, 2016, Plaintiff McKesson Corporation filed a motion for default judgment. [Docket No. 16.] On May 12, 2016, the court instructed the Plaintiff to provide supplemental briefing in support of its motion for default judgment, which the Plaintiff filed. [Docket Nos. 20 and 21.] Having reviewed the motion for default judgment and supplemental briefing, the court determines that additional supplemental briefing is required.

Plaintiff did not address the adequacy of service on Defendants. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (before assessing merits of motion for default judgment, court must confirm that it has subject matter jurisdiction over case and personal jurisdiction over parties, as well as ensure adequacy of service on defendant). Specifically, the addresses on the Proofs of Service (Docket Nos. 7-9) do not match either the Certificate of Summons (Docket No. 21-1) or the address for the registered agent for service of process listed on the State of Louisiana Secretary of State website for either New Iberia or Zachary.

Further, Plaintiff's request for damages is not sufficiently supported. In order to recover damages after securing a default judgment, a plaintiff must prove the relief it seeks by submitting proper evidence by way of a sworn affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915,

1 917-18 (9th Cir. 1987)).

2     Plaintiff claims that their updated computation of amounts owed by Defaulting Defendants is more in the Application for Default Judgment (Docket No. 16 ¶ 3(a)-(c)) and Supplement (Docket No. 21) than sought in the Complaint (Docket No. 1) because it is updated to include the contractual finance charge of 1.5% per month. However, nowhere in the contract(s) provided is a finance charge of 1.5% per month explicitly designated. *See* Compl. Exs. 1, 3. The Plaintiff must provide proof of the source of the 1.5% finance charge. Further, although Plaintiff seeks to recover unpaid invoices less credits applied (Docket No. 21 at 3–4), the evidence provided includes additional lines of fees not explained elsewhere. For example, included in the Statements for New Iberia (Franco Decl. Ex. 2) and Zachary (Franco Decl. Ex. 5) are fees for "Fee Billing," "Returned Check" and "Returned Check Fee." One such "Returned Check" is in the amount of $69,869.73, while other lines include no description at all (for example, including amounts of $1425.91 and $2,994.63). [Franco Decl. Ex. 2.] Plaintiff must explicitly state the amount it is requesting by category and support the request with evidence from the Contract that it is entitled to the requested amount.

    Plaintiff must also clarify whether it is requesting attorneys' fees. Although reference to attorneys' fees is made in several places (e.g. Docket No. 21 at 6), no request is specifically sought nor are attorneys' fees listed in the Damages request (Docket No. 21 at 12). If requesting attorneys' fees, Plaintiff must provide supporting documentation of fees and the amount requested. Plaintiff must submit a detailed accounting sufficient to support Plaintiff's requested award of reasonable attorneys' fees for litigating this action, such that the court may determine whether the time spent was "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also* N.D. Cal. Civ. L.R. 54-5. Furthermore, Plaintiff appears to request costs, but this request is not supported by sufficient documentation. If Plaintiff wishes to be awarded costs, it must submit an accounting to support Plaintiff's request specifying the amount sought and the costs incurred. A reference to Plaintiff's Bill of Costs is not sufficient. [Docket No. 21 (Suppl. Brief) at 12.] Further, Plaintiff's Bill of Costs appears to request service of process fees for a separate and unrelated case, *McKesson v. Apothecary Specialty LLC*. [Docket No. 18 at

4.]

Plaintiff shall submit additional briefing **by June 2, 2016**, to address the above deficiencies in the motion for default judgment. Any opposition or statement of non-opposition is due no later than **June 8, 2016**.

**Immediately upon receipt of this Order, Plaintiff shall serve Defendants with a copy of this Order and file a proof of service with the court.**

**IT IS SO ORDERED.**

Dated: May 26, 2016

_____
Donna M. Ryu
United States Magistrate Judge